Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005617
08-MAY-2014
09:54 AM

NO. CAAP-13-0005617

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROGER WILLIAM NELSON, Plaintiff-Appellant, v.
ISOLDE U. NELSON, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 12-1-0531)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Roger William Nelson's (Appellant Roger Nelson) appeal from the following three interlocutory orders in a family court divorce proceeding:

(1)  the Honorable Linda S. Martell's November 9, 2017 "Stipulated Order in Lieu of Trial" addressing child custody, child support, and the division of property;

(2)  the Honorable Kevin A. Souza's November 15, 2013 "Order Denying 'Plaintiff's Motion for Relief from (1) Child Support Order Filed 11/19/2012; (2) Income Withholding Order Filed 11/29/2012' Filed 9/23/2013"; and

(3)  the Honorable Kevin A. Souza's November 15, 2013 "Order Granting Defendant's Motion for Pre-Decree Relief Filed 2/25/2013[.]"

None of these three interlocutory orders qualifies as an independently appealable final order or decree pursuant to Hawaii

Revised Statutes (HRS) § 571-54 (2006), which provides that "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the <u>circuit court</u>[.]" (Emphasis added). In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2013). Therefore, this case is appealable only if the family court enters a final judgment, order or decree, and, furthermore, that final judgment, order or decree must, at a minimum, dissolve the marriage of Appellant Roger Nelson and Defendant-Appellee Isolde U. Nelson (Appellee Isolde Nelson):

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. <u>Black v. Black</u>, 6 Haw. App. [493], 728 P.2d 1303 (1986). In <u>Cleveland v. Cleveland</u>, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

<u>Eaton v. Eaton</u>, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted). None of the three appealed interlocutory order is independently appealable under HRS § 571-54 and the holding in <u>Eaton</u> because the family court has not yet dissolved the marriage between Appellant Roger Nelson and Appellee Isolde Nelson.

Although exceptions to the finality requirement exist under the doctrine in <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848) (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), none of the three appealed interlocutory orders satisfies the requirements for appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, and HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent an appealable final judgment, order or decree, we lack appellate jurisdiction over this appeal, and Appellant Roger Nelson's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0005617 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 8, 2014.

Chief Judge

Associate Judge

Associate Judge

-3-